**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

|  |  |  |
|---|---|---|
| MIGUEL DURAN, | : | |
| Plaintiff, | : | Civil No. 10-293 (RMB) |
| | : | |
| v. | : | |
| HONORABLE JUDGE | : | **MEMORANDUM OPINION AND** |
| BRUCE WEEKS et al, | : | **ORDER** |
| Defendants. | : | |

_____

IT APPEARING THAT:

1.      On January 20, 2010,, the Clerk received Plaintiff's complaint ("Complaint"), executed

pursuant to 42 U.S.C. § 1983.  See Docket Entry No. 1.  The Complaint arrived

unaccompanied by Plaintiff's filing fee or by his complete in forma pauperis ("IFP")

application.  See id.  On January 29, 2010, Plaintiff sent the Clerk his letter to

Defendants.  See Docket Entry No. 2.   On February 16, 2010, the Clerk received

Plaintiff's request to subpoena the state records.  See Docket Entry No. 3.  On March 2,

2010, the Court received Plaintiff's application seeking appointment of pro bono counsel.

See Docket Entry No. 4.

2.      Since none of these submissions cured the shortcomings of Plaintiff's in forma pauperis

application, the Court denied Plaintiff IFP status without prejudice and directed

administrative termination of this matter subject to reopening upon Plaintiff's submission

of his six-month prison account statement.  See Docket Entry No. 5.  Plaintiff duly cured

the deficiency of his IFP application.  See Docket Entry No. 6.

3.    In light of Plaintiff's submission, the Court will grant Plaintiff IFP status, direct assessment of filing fee in accordance with the terms stated below, and order the Clerk to file the Complaint.  In addition, the Court will dismiss Plaintiff's Complaint. Such dismissal will be with prejudice since, as the Court details below, it does not appear that Plaintiff can cure the deficiencies of his pleadings by amendment.

a.    Here, Plaintiff -- who appears to be an individual currently being prosecuted on criminal charges -- asserts that Defendant Judge Weeks is violating Plaintiff's rights by presiding over Plaintiff's criminal proceedings which, allegedly, has been ongoing for over two years.  See Docket Entry No. 1, at 3 and 4.  Plaintiff further alleges that the prosecutor, referred to as "Jane Doe" is also violating Plaintiff's rights by protracting Plaintiff's criminal proceedings; according to Plaintiff, "Jane Doe" is doing so by taking vacations in Las Vegas and in unspecified cities in Arkansas.[1]  See id. at 5.  Naming, in addition to Judge Weeks and Jane Doe, the Municipal Court of Atlantic City and an unspecified Office of the Prosecutor as Defendants in this matter, Plaintiff maintains that his prolonged criminal proceedings violate his right to speedy trial.  See id. at 5-7.  Plaintiff, thus, seeks this Court's order directing that his criminal trial proceed in the immediate future or that his criminal charges be dismissed.  See id. at 8.

---

[1]  Plaintiff also asserts that Jane Doe refused requests for disclosure of certain material. See Docket Entry No. 1, at 7.

4.       This Court has no jurisdiction to direct the prosecution of Plaintiff's criminal trial.[2]

Moreover, Plaintiff's claims against the Municipal Court itself and the Office of

Prosecutor must be dismissed because these entities are not "persons" within the meaning

of Section 1983.  See Briggs v. Moore, 251 Fed. App'x 77 (3d Cir. 2007); Callahan v.

City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000); Steinberg v. Supreme Court of

Pa., 2009 U.S. Dist. LEXIS 49980, at *61 (W.D. Pa. June 10, 2009); Smith v. H.C.

Prosecutors Office, 2008 U.S. Dist. LEXIS 55660, at *7 (D.N.J. July 15, 2008).  In

addition, Judge Weeks and Plaintiff's prosecutor are immune from § 1983 suits for the

acts that they perform in their judicial capacity or as advocates for the state.  "[J]udges . .

. are not liable to civil actions for their judicial acts, even when such acts are in excess of

their jurisdiction, and are alleged to have been done maliciously or corruptly."  Figueroa

---

[2]  Even if this Court were to construe the Complaint as Plaintiff's application seeking a
writ of mandamus, the Court will be without jurisdiction to issue such writ.  The relevant statute
authorizes district courts to issue such a writ "to compel an officer or employee of the *United
States* or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361
(emphasis supplied).  It does not permit mandamus to issue out of this Court against state
officers.  See Richardson v. New Jersey, 2007 U.S. Dist. LEXIS 58104, at *2 (D.N.J. Aug. 9,
2007); Jenkins v. Gregorio, 2006 U.S. Dist. LEXIS 80143, at *5 (D.N.J. Nov. 2, 2006); see also
Davis v. Lansing, 851 F.2d 72, 74 (2nd Cir. 1988);  Haggard v. Tennessee, 421 F.2d 1384, 1386
(6th Cir. 1970).  Moreover, even if the Court were to construe the Complaint as a petition under
the All Writs Act, the Court would be still without jurisdiction to render the requested relief.
The Act permits a district court to "issue all writs necessary or appropriate in aid of their
respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).
That means that Section 1651 permits this Court to issue a writ of mandamus in aid of its own
jurisdiction, but -- like § 1361 -- does not confer upon it the authority to compel state judicial
officers to act in matters pending in those officers' courts.  See, e.g., In re Grand Jury
Proceedings, 654 F.2d 268, 278 (3d Cir. 1981); Miller v. New Jersey, 2008 U.S. Dist. LEXIS
50048, at *7-8 n.1 (D.N.J. Jul. 1, 2008); Bronson v. Sup. Ct. of Pa., 1989 U.S. Dist. LEXIS
10083, at *1 (E.D. Pa. Aug. 28, 1989); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001).  Nor
may the Court issue the writ "against state officials for violations of their duties under state law."
Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 469 (7th Cir. 1988); Miller, 2008
U.S. Dist. LEXIS 50048, at *7-8 n.1; Jenkins, 2006 U.S. Dist. LEIS 80143, at *5.

v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S.

349, 355-6 (1978)). Similarly, prosecutors are also absolutely immune from actions under

§ 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S.

118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)); see also Yarris v. County

of Delaware, 465 F.3d [129,] 136 [(3d Cir. 2006). Since it appears unquestionable that

the scheduling decisions are performed by Judge Weeks and Jane Doe in their official

capacities (and that Jane Doe declined disclosure of certain material in her official

capacity), Plaintiff's claims against these Defendants must be dismissed.[3]

5.      Alternatively, the matter at bar is subject to abstention under Younger v. Harris, 401 U.S.

37 (1971).  Younger held that a federal district court must abstain from enjoining pending

state criminal prosecutions pursuant to concerns of equity, comity, and federalism.  See

id. at 41.  "Younger and its progeny espouse a strong federal policy against federal-court

interference with pending state judicial proceedings absent extraordinary circumstances."

Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

Three requirements must be satisfied before a district court may abstain under Younger:

"(1) there are ongoing state proceedings that are judicial in nature; (2) the state

proceedings implicate important state interests; and (3) the state proceedings afford an

adequate opportunity to raise federal claims."  Kendall v. Russell, 572 F.3d 126 (3d Cir.

2009) (citing Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.

---

[3]  Stated somewhat differently, absolute immunity as to Jane Doe attaches to actions "intimately associated with the judicial phases of litigation, but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008) (citing Giuffre v. Bissell , 31 F.3d 1241, 1251 (3d Cir. 1994).

2008)); see also Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  The case at bar presents a classic Younger fact pattern.  First, Plaintiff admits that state proceedings are now ongoing and it is beyond cavil that those criminal proceedings are judicial in nature. See, e.g., Coruzzi v. New Jersey, 705 F.2d 688, 690 (3d Cir. 1983) (identifying "traditional indicia of a judicial action").  Second, as Younger itself demonstrates, when a state acts to ensure compliance with its own criminal statutes or state constitution (and, here, the "speedy trial" clause of its constitution), important state interests are implicated. See Younger, 401 U.S. at 43-54; Anthony v. Gerald Council, 316 F.3d 412, 421-22 (3d Cir. 2003) ("Under the Younger doctrine, when a state seeks to vindicate its own policies as a party to a pending state proceeding, an important state interest often is implicated"). Third, it is Plaintiff's affirmative burden "to show 'that state procedural law bar[s] presentation of [his] [federal] claims.'"  Schall, 885 F.2d at 107 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)).  Here, Plaintiff did not meet this burden, and he is unlikely to meet it since it appears certain that Plaintiff can present his denial of speedy trial challenges to the state courts. [4]  Therefore, Plaintiff's Complaint shall be dismissed.

---

[4]  Even if, as is the case here, the required three predicates exist, Younger abstention is inappropriate if the federal plaintiff can establish that: (1) the state proceedings are being undertaken in bad faith or for purposes of harassment; or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.  See Middlesex, 457 U.S. at 435; Younger, 401 U.S. at 49-50, 53-54; Schall, 885 F.3d at 106.  No extraordinary circumstances exist here, however, that vitiate the interests of comity and federalism that abstention would promote.

IT IS on this **16th** day of **April** 2010,

**ORDERED** that the Clerk shall reopen this matter (for the Court's examination of Plaintiff's in forma pauperis application and accompanying screening of Plaintiff's complaint) by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that the Plaintiff's application to proceed in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b) is hereby granted; and it is further

**ORDERED** that the Clerk of the Court is to file the Complaint in the above-captioned action; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order by regular mail upon the Attorney General for the State of New Jersey and upon the warden of the place of Plaintiff's confinement; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

**ORDERED** that an initial partial filing fee shall be deducted and, until the $350.00 filing fee is paid, in each succeeding month during which the amount in Plaintiff's account exceeds $10.00, the agency having custody of him shall assess, deduct from his account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to his account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall be referenced to the civil docket number of this action; and it is further

**ORDERED** that Plaintiff's Complaint, Docket Entry No. 1, is DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's application for appointment of counsel, Docket Entry No. 4, is denied as moot; and it is finally

**ORDERED** that the Clerk close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"" and shall serve a copy of this Memorandum Opinion and Order upon the Plaintiff by regular U.S. mail.


s/Renée Marie Bumb

**RENÉE MARIE BUMB**
**United States District Judge**